CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN and another, Respondents.

*April 14—May 1, 1914.*

*Railroads: Regulation: Milk stations: Stopping trains: Powers of railroad commission: Reasonableness of order.*

1. Sec. 1801, Stats., requiring that certain passenger trains stop at all villages of 200 inhabitants, does not affect the power of the railroad commission as to the stopping of passenger trains, except in the cases which that statute specially covers.

2. An order of the railroad commission requiring a railway company to establish a milk station at a crossing and stop its morning train at that place, should not be set aside as unreasonable where twenty-three farmers residing in the vicinity petitioned for the station and there was evidence that eighty to one hundred cans of milk and cream would be handled there, and that many farmers who send their milk to a creamery in the vicinity or are compelled to haul it a long distance to the station would ship from this crossing with a considerable saving on account of the shorter haul.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an action brought under sec. 1797—16, Stats., to vacate an order of the *Railroad Commission* requiring the appellant railway to establish a milk station at a crossing called Omdoll's Crossing, about half way between Whitewater and Palmyra, and stop its morning train at said place. It appears that twenty-three farmers who reside in the vicinity of the crossing petitioned for the establishment of the milk station, on the ground that from 80 to 100 cans of milk and cream would be handled there and that many farmers who now send their milk to a creamery in the vicinity or are compelled to haul it a long distance to Palmyra or Whitewater would ship the same from this crossing with a considerable saving on account of the shorter haul. Evidence was introduced before the *Commission* tending to establish these facts, while evidence was introduced on the other side tending to prove that there would probably be little increase in the milk shipments and that the proposed stop would cause delay to an already overburdened train, which would necessitate changes in the points of meeting for other trains and interfere with connections for Chicago.

The *Commission,* after an examination and report on the matter by its own engineer, found that adequate service demanded the establishment of a suitable platform and the stopping of the morning train eastward at the platform for the purpose of taking on milk. The circuit court found that the order was not unlawful or unreasonable and dismissed the complaint. From this judgment the plaintiff appeals.

For the appellant there were briefs by *Sanborn & Blake,* attorneys, and *Burton Hanson, O. W. Dynes,* and *J. N. Davis,* of counsel, and oral argument by *John B. Sanborn.*

For the respondent *Railroad Commission* there was a brief by the *Attorney General* and *Walter Drew,* deputy attorney general, and oral argument by *Mr. Drew.*

WINSLOW, C. J.   Giving that weight to the orders of the
*Railroad Commission* to which they are entitled (*Minneapo-
lis, St. P. & S. S. M. R. Co. v. Railroad Comm.* 136 Wis.
146, 116 N. W. 905), the circuit court was plainly right in
dismissing the complaint.   It is argued (1) that by sec. 1801,
Stats. (requiring that certain passenger trains stop at all vil-
lages of 200 inhabitants), the legislature has taken the sub-
ject of the stopping of passenger trains away from the juris-
diction of the *Commission,* and (2) that the order is so un-
reasonable that this court should condemn it.

Neither claim can be sustained.   Sec. 1801 does not at-
tempt to interfere with the powers of the *Commission* except
in the cases which it specially covers, and this is not one of
them.   Upon the question of unreasonableness the case seems
to be practically settled by the case of *Minneapolis, St. P. &
S. S. M. R. Co. v. Railroad Comm., supra,* where a similar
order was sustained under circumstances rendering its rea-
sonableness considerably more open to question than those ex-
isting here.

*By the Court.*—Judgment affirmed.